BARHAM, Judge.
The plaintiff herein seeks workmen’s compensation benefits as the result of an injury sustained on September 16, 1964, while helping other employees of the Louisiana Department of Highways lift a large and heavy timber in the construction of a bridge. It is claimed that the injury affected his left shoulder and that he is totally disabled from resuming employment of a similar character. The defendant had terminated compensation payments on March 9, 1965.
The trial in this matter began on the 24th day of June, 1965, and all the testimony, except for the deposition of Dr. T. E. Banks, was received on that date. The matter was left open for Dr. Banks’ deposition, which was not taken until March 16, 1966. Judgment was not rendered in the matter until February 23, 1967, and was read and signed April 7, 1967. The trial court, with written reasons assigned, denied plaintiff any workmen’s compensation benefits, stating that plaintiff had failed to sustain the burden of proof of establishing his disability beyond March 9, 1965, the date his compensation payments had been terminated.
The trial of this case consisted of the testimony of plaintiff; his wife; Dr. George M. Rodgers, a general practitioner, who was plaintiff’s attending physician; and Dr. T. E. Banks, an orthopedist. The latter testified by deposition over nine months after the other testimony had been taken. Plaintiff testified concerning the injury, which is not disputed, and gave a history of continuing pain, discomfort and disability from the date of injury through *876 the time of his testimony on June 24, 1965. His wife corroborated his pain and suffering and disability to do physical labor as of the date of trial.
Dr. George M. Rodgers gave a history of many consultations, hospitalization and continuous treatment until the date of trial, including medication and traction. Dr. Rodgers testified that after plaintiff’s second consultation with Dr. Banks in February, 1965, and upon recommendation from Dr. Banks, neck traction was reinstated. He testified plaintiff continued complaining of pain and was not responsive to muscle relaxants, although ten or twelve kinds were tried. It was Dr. Rodgers’ opinion that as of the date of his testimony, June 24, 1965, the plaintiff was not able to do the heavy manual labor which his employment required of him.
Dr. Banks saw the plaintiff on four occasions and the dates of these visits are important in consideration of this case. The plaintiff was seen by Dr. Banks on October 28, 1964, and February 1, 1965, as a referral from Dr. Rodgers and for consultation, diagnosis and treatment. His testimony, by deposition, shows that on both visits the complaints were of a similar nature and that in February he recommended further use of traction and that if plaintiff’s injury had not responded to treatment within two or three weeks, he should have a neurological study. Dr. Banks did not see plaintiff again until September 14, 1965, almost three months after all other witnesses had testified in Open Court. Since this was not a referral visit, it was apparently for evaluating rather than for consultation and treatment. He saw plaintiff again on March 15, 1966, clearly preparatory to testifying since his deposition was taken the next day. Dr. Banks found the plaintiff not to be disabled as of September 14, 1965. However, it cannot be concluded from any of his testimony that as of March 9, 1965, or at any particular point of time in the intervening months, the plaintiff was able to return to work. The testimony of all the other witnesses on June 24, 1965, forces a conclusion, not contradicted by Dr. Banks, that as of March 9, 1965, defendant was unable to return to his employment.
The unusual aspect of this case is that the sequence and time of the testimony of the witnesses has great effect upon the determination of the issues and facts herein. Since the case was not submitted until the deposition of Dr. Banks was filed, and his testimony is in retrospect and not rebutted, this Court is in the position of determining that although plaintiff was totally disabled to return to his employment March 9, 1965, such disability had terminated as of September 14, 1965, which was during the “trial of this matter.”
We do not find the defendant arbitrary and capricious in its refusal to pay compensation, and, therefore, disallow any claims for statutory penalties and attorney’s fees.
The judgment of the trial court is reversed and set aside, and,
It is now ordered, adjudged and decreed that there be judgment herein for and in favor of plaintiff, Arles Whisenant for twenty-nine (29) weeks of compensation at the rate of Thirty-five and No/100 ($35.00) Dollars, or a total of One Thousand and Fifteen and No/100 ($1,015.00) Dollars, with interest thereon from due date of each installment until paid.
Defendant is to pay all costs of the suit, including expert witness fees for Dr. T. E. Banks and Dr. George M. Rodgers which are fixed at $100.00 each.